| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.** | **Hearing Date & Time:** April 5, 2016 at 10:30 a.m. |

875 Third Avenue

New York, New York 10022

Telephone No.: 212-603-6300

A. Mitchell Greene

Attorneys of Record for the Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **293 ADELPHI LLC** | Case No.: 16-40248-ess |
| Debtor. | |

---------------------------------------------------------X

### MOTION FOR ENTRY OF AN ORDER AUTHORIZING ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C. TO WITHDRAW AS COUNSEL OF RECORD TO THE DEBTOR

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, pursuant to Local Bankruptcy Rule 2090-1 authorizing Robinson Brog to withdraw as counsel of record to 293 Adelphi LLC (the "Debtor"). In support thereof, Robinson Brog states:

### JURISDICTION AND VENUE

1. Jurisdiction over this application is vested in the United States District Court for this District pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is Local Bankruptcy Rule 2090-1.

3. Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

4. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 21, 2016 (the "Petition Date") with the Clerk of this Court. The Debtor has not filed its schedules and its 341 meeting has been adjourned to April 11, 2016.

## RELIEF REQUESTED

5. Pursuant to Local Bankruptcy Rule 2090-1(d):

> An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

E.D.N.Y. LBR 2090-1(d).

6. Courts have found that "a client's lack of cooperation-including lack of communication-with counsel" constitutes a satisfactory reason for withdrawal. *Lafarge N. Am., Inc. v. All Star Ready Mix Corp.*, 2014 U.S. Dist. LEXIS 164422 at *2 (E.D.N.Y. Nov. 6, 2014) (internal citation omitted); *see also Naguib v. Public Health Solutions*, 2014 U.S. Dist. LEXIS 67125 at *2 (E.D.N.Y. May 15, 2014).

7. Since the Petition Date, the Debtor has failed to cooperate with Robinson Brog to

prosecute its chapter 11 case. Throughout this chapter 11 case Robinson Brog has given the Debtor advice on how to proceed with its reorganization and reorganize its obligations. Despite repeated efforts to communicate with the Debtor, the Debtor has only occasionally responded to email and other written communications and has failed to provide Robinson Brog with any direction on how it wishes to proceed with its case, leaving Robinson Brog in an impossible position and unable to respond to requests from creditors and the Office of the United States Trustee. Because of the lack of cooperation and communication with the Debtor, Robinson Brog ultimately believes that it is unable to continue to represent the Debtor.

8. Robinson Brog informed the Debtor that its schedules and statement of financial affairs must be completed within two weeks of the Petition Date. The Debtor failed to provide Robinson Brog with the requisite information to complete its schedules and statement of financial affairs, and as a result, both remain unfiled.

9. The Debtor was informed that certain information was to be provided to the Office of the United States Trustee for the initial debtor interview, including among other things, previous tax returns, proof of insurance, and proof of opening a DIP account. None of these were provided to Robinson Brog, nor did the Debtor attend the initial debtor interview originally scheduled for February 10, 2016, which the Debtor did not attend, and adjourned to February 25, 2016, which the Debtor again did not appear. The Debtor was also informed that the section 341 meeting of creditors was scheduled for February 29, 2016 and the Debtor's appearance was required. Again, the Debtor did not appear and the 341 meeting was adjourned to April 1, 2016.

10. For the reasons set forth herein, Robinson Brog on February 19, 2016 sent a letter to the Debtor via overnight mail and email informing the Debtor of Robinson Brog's intention to

withdraw as counsel.  As of the date of this Motion, Robinson Brog has not received any response from the Debtor.

11.     Accordingly, Robinson Brog submits that it has displayed satisfactory reasons to withdraw as counsel of record to the Debtor.

**WHEREFORE**, Robinson Brog respectfully requests that this Court authorize Robinson Brog to withdraw as counsel of record to the Debtor.

**Dated:**  New York, New York
   March 3, 2016    **ROBINSON BROG LEINWAND
                        GREENE GENOVESE & GLUCK P.C.**
   Attorneys of Record for the Debtor
   875 Third Avenue, 9th Floor
   New York, New York 10022
   Tel. No.: 212-603-6300

   By:  A. Mitchell Greene
           **A. Mitchell Greene**

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:                                                                  Chapter 11

**293 ADELPHI LLC**                                      Case No.: 16-40248-ess

                                        Debtor.
----------------------------------------------------------X

### ORDER AUTHORIZING
### ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK
### P.C. TO WITHDRAW AS COUNSEL OF RECORD TO THE DEBTOR

**UPON** the motion dated March 3, 2016 (the "Motion") of **Robinson Brog Leinwand Greene Genovese & Gluck P.C.** ("Robinson Brog") seeking the entry of an order pursuant to Local Bankruptcy Rule 2090-1 authorizing Robinson Brog to withdraw as counsel of record to 293 Adelphi LLC (the "Debtor"); and a hearing on the Motion having come to be heard on April 5, 2016; and Robinson Brog Leinwand Greene Genovese & Gluck P.C. appearing on its own behalf; and such other parties whose identities are reflected in the record of the hearing having been heard with respect thereto; and it appearing that due and sufficient cause appearing therefor, it is

**ORDERED**, that the Motion is granted and Robinson Brog is authorized to withdraw as counsel of record to the Debtor.

{00779874.DOC;1 }675132